■ JOSEPHINE CLOUDEN, Respondent, v. RICHARDSON CLOUDEN, Appellant. — In an action by one tenant by the entirety against the other for an accounting of rents and profits, the appeals are from an order granting by default respondent's motion for the appointment of a receiver *pendente lite*; from an order denying appellant's motion to open said default, and from an order granting appellant's motion to open his default in appearing and answering the complaint, insofar as said order imposes certain terms and conditions. Order denying appellant's motion to open his default on the motion for appointment of receiver, and order opening appellant's default in appearing and answering the complaint, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements. Appellant's conduct in this controversy, culminating in his willful disregard of process involved in the defaults herein and his deliberate interference with the receiver's performance of duty, show that there is danger that the rents and profits in question will be used by appellant and placed beyond the jurisdiction of the court. In the circumstances, we cannot say that the Special Term abused its discretion in refusing to vacate the receivership (Civ. Prac. Act, § 974) or in fixing the terms and conditions for opening appellant's default in pleading (Civ. Prac. Act, § 108; cf. *Crowe* v. *Sale*,

277 App. Div. 773; *Magnaweld Corp.* v. *Telephonics Corp.*, 282 App. Div. 721). Appeal from order appointing receiver dismissed, without costs. The order is not appealable (Civ. Prac. Act, § 557, subd. 1; 8 Carmody-Wait Cyclopedia of New York Practice, 508–509). Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.